No. 3304.

## G. G. WOODRUFF *v.* TOM HARRELL ET AL.

JURISDICTION—AGREEMENT.—The district court can not enforce by its judgment an agreement of different defendants in different suits, having the same plaintiff, before a justice of the peace, to the effect that the judgment rendered in one case, appealed to the district court, should apply to all the other cases which were not appealed. Placing the unappealed cases on the docket of the district court by consent did not call into exercise its appellate jurisdiction, and it could not exercise over them original jurisdiction.

APPEAL from San Jacinto. Tried below before the Hon. Norman G. Kittrell.

*Chapman & Turnley* and *L. B. Hightower,* for appellant.

No briefs for appellee have reached the Reporter.

STAYTON, ASSOCIATE JUSTICE. Three cases were pending in a justice's court, all instituted by G. G. and W. J. Woodruff. In one of these cases Frank White and J. M. Bass were defendants, in another J. M. Bass and Joe Harrell were defendants, and in the third J. M. Bass and Tom Harrell were defendants. The case in which White and Bass were defendants was tried in the justice's court, but the others were not.

The case tried was appealed to the district court, and the parties to the other cases entered into an agreement that they should abide the result of the case appealed, and that such judgment should be entered in each of them, in the district court, as might be entered in the appealed case by that court. In the appealed case a judgment was rendered in favor of the defendants.

The cases not tried in the justice's court were placed on the docket of the district court, and, when the appealed case was tried, the defendants in the other cases insisted that the same judgments should be rendered in them as was rendered in the appealed case. This was resisted by the plaintiffs on the ground that the district court had not acquired jurisdiction. The court ruled that it had jurisdiction, and proceeded to enter judgment in this case, which is one to which the agreement related, in accordance with the agreement.

This case was one of which the district court had no original jurisdiction, and it was never brought before that court in such manner as to make its appellate jurisdiction attach. The entry of judgment in this case was the exercise of original jurisdiction, and it is well settled that, as to the subject matter, consent of parties can not confer upon a court jurisdiction not given to it by law.

If this case had been tried in the district court and an appeal perfected, the district court might have enforced an agreement of parties made in reference to it, but until the district court acquired jurisdiction of the case, in some of the methods by which, under the law, it may acquire appellate jurisdiction of causes tried in a justice's court, it had no power to enforce the agreement. That the agreement was made in reference to a case pending in the justice's court, does not give it an effect which it could not have if made in regard to a matter not pending in any court.

The judgment will be reversed and the cause dismissed from the district court, leaving the parties to take such steps in the justice's court as may be lawful; the appellant to recover his costs in this court and in the district court.

It is so ordered.

*Reversed and dismissed.*

Opinion delivered February 1, 1887.