JOHN P. MERCER ET AL. v. J. W. WOODS ET AL.

Decided December 2, 1903.

**1.—Contesting Election—Notice of Grounds—Jurisdiction.**

A contest, under the statute, of an election in a county on the question of prohibiting the sale of intoxicating liquors, can only be had upon written notice of the intention to contest and of the grounds relied on, as required by the statute.

**2.—Same.**

That a petition for injunction had been filed, showing the grounds upon which the election was contested, and citation thereon issued and served on the contestees, who, by examination of the petition were apprised of its contents, could not take the place of the statutory notice.

**3.—Same—Notice—Waiver—Jurisdiction.**

Jurisdiction over the subject matter of a contest of a prohibition election could not be given, in the absence of statutory notice, by the officers, made parties to a suit for injunction and contest, appearing and answering without first pleading want of notice.

**4.—Same—Injunction.**

When a suit to contest a prohibition election under the statute and to enjoin the putting in force of prohibition on constitutional grounds was dismissed for want of the statutory notice of an election contest, though the suit should have stood for trial on the constitutional questions for which injunction was sought, the appellate court will not reverse where such objections to the law appeared not to be well taken.

Appeal from the District Court of Robertson. Tried below before Hon. J. C. Scott.

*Purdom & Purdom* and *O. L. Stribling,* for appellants.

*J. W. Woods, R. W. Priest,* and *Crawford & Bartholomew,* for appellees.

KEY, ASSOCIATE JUSTICE.—The following statement of the nature and result of this suit, contained in appellants' brief, is conceded to be correct:

"On the 12th day of May, 1903, the Commissioners Court of Robertson County ordered an election to be held throughout said county on the 9th day of June, 1903, for the purpose of determining whether or not the sale of intoxicating liquors should be prohibited in said county. The election was held on the day fixed, and thereafter, on the 22d day of June, the Commissioners Court declared the result to be in favor of prohibition, and ordered publication to be made of the order of the court putting the local option law in force in said county. The county judge selected the Central Texan, a weekly newspaper published at Franklin, in which to make the necessary publication of the order. Appellee Irvin was publisher and proprietor of the paper. The first publication was made on the —— day of ——, 1903. On the 10th day of June the appellants, who were lawfully engaged in the sale of intoxicating liquors in said county, presented their petition praying for

a writ of injunction against appellees, and also for judgment annulling said election, to Hon. Marshall Surratt, judge of the Nineteenth Judicial District, and a temporary writ of injunction was granted by him, returnable to the District Court of Robertson County. The writ enjoined appellees from publishing said order declaring the result of the election and also from enforcing the local option law in Robertson County. The original petition was filed with the clerk of the District Court of Robertson County on the 11th day of July, 1903, and the writ of injunction and citations were immediately issued and served upon all the appellees within thirty days from the return day of the local option election, which was on the 22d day of June, 1903.

"After the expiration of the thirty days from the return day of the election, the appellees appeared in open court and filed their answers to appellants' original petition, consisting of general and special exceptions, and a plea to the jurisdiction of the court, alleging that they had not been served, as required by law, within thirty days from the return day of the election, with a written notice of appellants' intention to contest said election, together with a statement in writing of the grounds relied upon to contest said election. Appellants moved to strike out the plea to the jurisdiction because it had not been filed and plead in due order of pleading, and had been waived. This motion was overruled, and the court upon hearing testimony sustained the plea and dismissed appellants' suit and discharged the writ of injunction, from which this appeal is prosecuted.

"The court held this suit to be strictly a statutory contest of the local option election, and that contestees had not been served with the statement in writing of the grounds relied upon to contest said election within the thirty days provided by statute, and for that reason the court was without jurisdiction to further hear the cause."

Counsel for appellants contend as grounds for reversal:

1. That the requirements of the statute as to giving written notice of the intention to contest and statement in writing of the grounds relied on to contest, were complied with by appellants within thirty days, the time provided by the statute. In support of this contention they quote the testimony heard by the court on that issue, which is as follows:

H. B. Burt testified: "I am clerk of the District Court of Robertson County. The original petition was filed in this cause on July 11, 1903, by Judge Purdom for plaintiffs. On the same day Mr. Crawford, of the law firm of Crawford & Bartholomew, attorneys of record in this cause for defendants, sent Miss Lelia Crawford, his stenographer, to my office with the request that I send to him by her the original petition in this cause. I delivered the petition to Miss Crawford. She is a person competent to testify. I never saw the petition again until the 23d day of July, after defendants had filed their pleas. Judge Purdom requested me to give him the petition and I went to the office of Crawford & Bartholomew and got the petition from them. It had not been in my possession since July 11th. I issued the citations in said cause

and the writs of injunction on the 11th day of July and delivered them to the sheriff at Judge Purdom's request, both being present."

Cross-examination: "I was not requested by the plaintiffs to deliver the petition to Crawford & Bartholomew or any of the defendants. Crawford & Bartholomew, so far as the records of my office show, were not attorneys of record in said cause at that time, and do not appear as attorneys of record in said cause until the filing of said pleas, July 23d."

W. T. Bartholomew testified: That he was a member of the law firm of Crawford & Bartholomew. "The petition in this cause was delivered to us by Miss Lelia Crawford, July 11, 1903. I read the petition a day or two afterwards. We were employed to represent the county judge and commissioners in this cause about ten days before the expiration of the thirty days from the return day of the election. Don't remember the exact date. Mr. Woods, the county attorney, and one of the parties to this suit, came to my office a few days after we received the petition, and I handed him the original petition—he read it over in our office. This was within the thirty days after the return day of the election.

Cross-examined: "We were not attorneys of record at the time the petition was first brought to us by Miss Crawford."

J. W. Woods, county atorney, and party to the suit, testified: "No copy of the original petition has ever been served upon me, and no other written statement of the grounds of contest has been served upon me within thirty days after the return day of said local option election, except the citation and injunction issued in this cause. Both were served within the thirty days. I never received the original petition from plaintiffs or their attorneys. I read the petition within the thirty days from the return day of election. I received it from Mr. Bartholomew, attorney of record in the cause, at his office. I could not have been given any more information of the grounds of contest relied upon by contestants than I had within the thirty days if the contestants had given me a certified copy of their original petition within the thirty days. I was present in the courtroom on July 9th, when Judge Purdom presented the original petition to Judge Scott for a temporary injunction, and at my request Judge Purdom handed me the petition to read. I examined it at that time. I only read a part of it at that time. This was two days before it was filed with the clerk."

W. I. Purdom testified: "I am attorney of record for plaintiffs. I presented the original petition to Judge Scott in the courtroom in Franklin on July 9th, for the purpose of securing a temporary injunction. Mr. Woods, the county attorney of Robertson County, and a party to this suit, was present while Judge Scott was considering the petition. After Judge Scott indorsed his refusal to grant the writ of injunction on the petition, Mr. Woods asked me if I had any objection to him reading it. I said no, and handed it to Mr. Woods for examination; he took the petition and read it. I don't know how much of it, but had opportunity to read it all, standing at the judge's desk. On the day of issuance of process in this cause, which was July 11th, and

while the clerk was issuing the same, I was present in the clerk's office, and R. W. Priest, attorney of record in this cause for contestee Irvin, came into the clerk's office and took the petition and examined it and was reading it. I requested him to let the petition alone until we got through issuing process and I would leave it with the clerk and he could then read it fully. He afterwards took the petition and made a copy of Judge Surratt's fiat indorsed on the petition. I left the petition with the clerk so that it could be read by him and other parties herein."

The citation issued by the clerk to the defendants commands them to appear at next regular term of court to answer plaintiffs' original petition and contest of election filed in said court on the 11th day of July, 1903; gives names of defendants—file number of suit being 5492. The nature of plaintiffs' demand is as follows, to wit: This is a suit to contest the local option election held in and for Robertson County, Texas, on the 9th day of June, 1903. It was received by sheriff July 11, 1903, and personally served on the county attorney and some of the other defendants July 11th and on all said defendants within the thirty days.

The writ of injunction recites that there has been filed a contest of the local option election held in Robertson County, Texas, June 9, 1903, and gives the date of filing the contest and number of the suit, with the names of the parties. This writ was served on the same date with the citations.

The election was held June 9th. The return day of this election was June 22d.

On this testimony the trial judge held that the defendants had not been served with a written statement of the grounds relied upon by the plaintiffs to contest the election, within thirty days after the return day of the election, as required by law, and we think that holding was correct. It has often been held in this State that, in order to confer jurisdiction over a statutory contest, the requirements of the statute as to serving notice must be complied with. Lindsey v. Luckett, 20 Texas, 516; Wright v. Fawcett, 42 Texas, 203; Roach v. Malotte, 56 S. W. Rep., 701; Calvern v. Shank, 67 S. W. Rep., 434; Norton v. Alexander, 67 S. W. Rep., 787.

If it be true that the notice required by the statute is essential to jurisdiction to try the contest, then the court ruled correctly in holding that it was without such jurisdiction, because the defendants were not served with written notice of the grounds of contest. It is true that the county attorney, who was one of the defendants, had actual notice of the grounds relied on by the plaintiffs to contest the election, but such actual notice could not take the place of anything required by the statute in order to confer jurisdiction of the subject matter. Jurisdiction over the person may be obtained without the service of citation when the defendant waives such service; but that rule has no application when considering a question of jurisdiction over the subject matter. Jurisdiction of the latter class can not be obtained by consent, and can

only exist when the law conferring such jurisdiction has been complied with. But it is contended, on behalf of appellants, that, inasmuch as the present Constitution confers jurisdiction on the district court to try contested elections, the rule announced in Lindsey v. Luckett, above cited, and followed in the other cases, has no application, and should not now be followed. The provision of the Constitution referred to is not self-executing; and therefore, the district court has no jurisdiction to try a contested election, except in the manner prescribed by statute. O'Dell v. Wharton, 87 Texas, 173. Hence we are of opinion that the trial court ruled correctly in holding that it was without jurisdiction to try the contested election. What has just been said disposes of the contention that by answering the petition appellees waived the statutory notice. Being a jurisdictional requisite they could not waive it.

It is also contended on behalf of appellants that, aside from the question of contesting the election, they sought equitable relief by injunction upon the ground that the local option law is unconstitutional and void, and that its enforcement in Robertson County would result in irreparable injury to their property rights.

It is true that this feature of the case is presented in the plaintiffs' petition, and the writer is of the opinion that the district court had jurisdiction to try that branch of the case, although in that respect the petition was obnoxious to a general demurrer. My views on that subject were stated in the recent case of Western Union Telegraph Co. v. Arnold. However, all the members of this court are of the opinion that the local option law is not subject to the constitutional objections urged in the plaintiffs' petition; and therefore, if the writer's views on the subject of jurisdiction be correct, we see no reason why the case should be remanded, in order that the trial court should sustain a general demurrer to the plaintiffs' petition. Sustaining the general demurrer and rendering judgment against the plaintiffs would not place them in any better position than they now stand with their suit dismissed. Hence we conclude that no reversible error is shown, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.