BURCUM v. GASTON.    (No. 1189.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917.)

1. JUDGMENT ⬤➽15—AUTHORITY TO ENTER.

A court without jurisdiction over the subject-matter cannot render judgment, but can only dismiss the cause.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 23.]

2. COURTS ⬤➽24, 37(1) — JURISDICTION — AGREEMENT OR ESTOPPEL.

Jurisdiction over the subject-matter cannot be conferred upon a court by agreement or estoppel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 76–78, 147, 151, 156.]

3. COURTS ⬤➽121(1)—JURISDICTION—AMOUNT IN CONTROVERSY.

A purchaser's action to cancel and recover some $300 paid on contracts to purchase land, on which over $1,700 were due, involves over $500, and is within the district court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 413, 416, 426.]

4. COURTS ⬤➽122—JURISDICTION—AMOUNT IN CONTROVERSY.

The petition must determine whether the amount in controversy is within the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427.]

5. VENDOR AND PURCHASER ⬤➽185—CONTRACT —CONSTRUCTION.

Under a contract providing that, on failure to pay an installment of purchase price, the land should revert free of incumbrances at the vendor's option, the land does not automatically revert upon failure to pay.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 369–372.]

6. VENDOR AND PURCHASER ⬤➽341(2)—PURCHASER'S ACTION—SUFFICIENCY OF PETITION.

In purchaser's action to set aside a contract for sale of land, and recover payments already made, he need not allege that the vendor had not elected to retake the land upon failure to pay a purchase-money installment, since this is a matter of defense.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1011.]

**7. PLEADING** ☞244—AMENDMENT — NECESSITY.

Where the court considered the amount insufficient to confer jurisdiction upon it, plaintiff need not request permission to amend the petition by making its allegations more specific, since such request would have been useless.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 652.]

**8. CANCELLATION OF INSTRUMENTS** ☞37(6)—FRAUD IN SALE OF LAND—SUFFICIENCY OF PETITION.

A purchaser's petition to cancel contract that the vendor stated the land would not overflow, that such statements were false and known to be false, etc., *held* sufficient, since, in absence of a special exception, every reasonable intendment will be indulged in favor of the petition.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 68, 78.]

Appeal from District Court, Dallas County.

Suit by Frank Burcum against W. H. Gaston. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

McCutcheon & Church and W. D. Cardwell, all of Dallas, for appellant. Muse & Muse and T. F. Lewis, all of Dallas, for appellee.

HUFF, C. J. The appellant instituted this suit in the district court of the Sixty-Eighth district, for Dallas county, against the appellee, W. H. Gaston, alleging that on the 16th day of June, 1913, plaintiff and defendant entered into a written contract by virtue of which plaintiff, appellant here, agreed to purchase 5.483 acres of land in the South Dallas Garden, known as tract No. 15, block 6, at an agreed price of $822, $12 cash and the balance in 81 payments of $10 each, with interest from date at the rate of 8 per cent. per annum; that plaintiff had paid defendant $222.40 on the contract, leaving a balance of $600 due thereon; also that on the 2d day of September, 1913, these parties entered into a written contract, whereby plaintiff agreed to purchase 8.682 acres, being tract 18, block 6, in South Dallas Garden, at an agreed value of $1,302.30, payable $17.30 cash, which was paid when the contract was executed, with 84 monthly installments of $15.30 each, with interest at the rate of 8 per cent. per annum from date; that plaintiff paid $124.40 thereon, leaving due the sum of $1,177.90 on the contract; that by the terms of the written contract appellant has paid $346.80, and that there is a balance due on said contracts amounting to $1,777.90. It is also alleged that appellant was induced to enter into said contract by false and fraudulent representations made by defendant and his agents; that they represented that the land had not overflowed since the year 1908, and was suitable for truck raising and gardening, and that by reason of the construction of what is known as the White Rock dam, a short time prior to the execution of the said contract, such construction and erection of the dam had prevented all overflows from White Rock creek, and would in future prevent overflows on the land; that the cleaning of the Trinity river by the federal government would make backwater over the land very rare, if not entirely stop it; that the representations so made were false, and known to be so when made by appellee and his agent; that appellant relied upon the representations so made, and believed them, and that he was thereby induced to sign and deliver the contracts above mentioned; that as a matter of fact the land contracted to be sold to appellant has overflowed, both in the fall and the spring of each and every year since he bought it, and is so located and situated as it will continue to overflow in the future; that by reason thereof it is of no value and useless, and that therefore there was a lack of consideration for the contracts. Appellant tendered the contracts to the defendant in his pleadings, and offered to rescind. The prayer in the petition is to recover the $346.80 paid with interest, and for judgment canceling the contract, and for general and special relief, etc. The defendant, appellee here, answered by general exception and general denial. The judgment of the court recites, in effect, that the defendant presented his general exception, and that the court held his ruling in abeyance, and ordered the case to proceed to trial. Thereupon both parties announced ready, and the jury was selected, who heard the petition and answer read, and the two contracts set out in plaintiff's petition were offered in evidence, whereupon the defendant objected to the introduction of the evidence of the two contracts because the amount sued for and in controversy was less than $500, and not within the jurisdiction of the court, and because the said contract ipso facto became null and void upon default of payment, and that the money paid thereunder was applied on the purchase money on the obligation to purchase the land, and that there was no allegation in the petition that the defendant was making any claim for the alleged balance under said contract, and that they automatically terminated in the absence of allegations to the contrary; and the defendant further at said time insisted upon a ruling upon his general demurrers, and that the same be sustained. The court, after considering the matter, advised plaintiff that in his judgment the general demurrer and the question of jurisdiction raised were well taken, and suggested that plaintiff withdraw his announcement and continue the cause to make amendment. The plaintiff announced that he would stand upon his pleading—

"whereupon the court sustained the defendant's general demurrer and said defendant's said objections, on the ground of want of jurisdiction, and stated that he would dismiss the case. The plaintiff declined to amend, whereupon the plaintiff's counsel insisted upon the disposition of the case by the jury, and duly reserved his exception to the action of the court in sustaining de-

fendant's general demurrer to the action of the court in sustaining defendant's objections, on the ground of want of jurisdiction hereinbefore shown, and, the plaintiff's counsel insisting upon the disposition of the cause by the jury, the court thereupon instructed the jury to return a verdict for the defendant."

The jury, in obedience to such instruction, rendered a verdict as directed, and the court rendered a judgment thereon for the defendant against the plaintiff, and that the defendant go hence without day; and recover all costs against the plaintiff, awarding execution thereon. The appellant also took his bill of exceptions to the action of the court, reciting the facts substantially as does the judgment above set out.

[1, 2] It is apparently urged by appellee that the appellant invited the court into the error of instructing a verdict and rendering the judgment on the merits, and therefore should not complain. If the court had no jurisdiction over the subject-matter, as the trial court appears to have concluded, then he had no jurisdiction to render judgment. He could only dismiss the cause. This is true whether he was invited to assume such jurisdiction or did so by agreement of the parties with his assent. Jurisdiction cannot be conferred upon the court by agreement or by estoppel. Woodruff v. Harrell, 67 Tex. 298, 3 S. W. 48; Mercer v. Woods, 33 Tex. Civ. App. 642, 78 S. W. 15. Taking the view of the trial court, the judgment was improperly rendered.

[3, 4] But in this case the amount in controversy was the $343.90 sought to be recovered, together with the amount of the contracts, $1,777.90, sought to be canceled for fraud. These are alleged to be outstanding obligations against appellant, obtained by fraud. They were therefore in controversy, and exceeded $500, according to the allegations. The petition on its face alleged facts which gave the district court jurisdiction. We see nothing therein which evidences to us a purpose to improperly invoke the jurisdiction of the district court. There is no allegation that there was a fraudulent purpose to place the amount sufficient to confer jurisdiction on that court. This being true, it makes no difference what the evidence may develop on the trial, or what the verdict may be. It is the petition which must be looked to on the question of jurisdiction and the amount in controversy. Ablowich v. Greenville National Bank, 67 S. W. 79, on rehearing, 881, 95 Tex. 429; Railway Co. v. Bank, 93 S. W. 431; Cattlemen's Trust Co. v. Blasingame, 184 S. W. 574, and the authorities collated in the above-cited cases.

[5, 6] It appears to have been the opinion of the trial court, because the contracts have each a provision to the effect, that if the appellant failed to make any installment payment, that he forfeited all right and interest in the land, and that at the option of the seller the same should revert to the seller, free from all incumbrances; that when these contracts were introduced an obligation on appellant's part to pay the balance due on the contract was shown. The wording of the contracts we do not believe justify such construction. The seller had the option or the right to elect to declare the contracts at an end, but there is no evidence that he had done so. For aught that appears from the record, he yet held appellant on the contracts, and had not exercised his right to forfeit the right and interest of appellant to the land, and to reinvest himself with the title thereto. It is not our understanding that the appellant was required to negative in his petition the exercise of the option or election by the seller stipulated for in the contracts. This rested alone with the seller. O'Donnell v. Chambers, 163 S. W. 138.

[7, 8] The trial court does not appear to have held the petition subject to general demurrer on the ground that the fraudulent representations inducing the contract were but expressions of opinion as contended for by appellee herein. His announcement in the judgment and his reason for sustaining the general exception was that the petition showed no jurisdiction. If this was his view, it would have been useless to ask for leave to make the allegations more definite on the question of fraud. When it appeared that the court was unwilling to entertain jurisdiction because the amount was insufficient, it would have been useless to ask to amend so as to make the allegations of fraud more definite. Railway Co. v. Underwood, 64 Tex. 463. However, we do not understand the allegations to be that appellee expressed his opinion that the land would overflow. The allegation is: That appellee falsely represented that it would not overflow on account of the construction of the dam erected as stated and because the government had cleaned out the Trinity river. He stated these things had been done as a fact, and that this rendered the land safe from overflow. That in making these statements he did so falsely and fraudulently. It occurs to us that, in the absence of a special exception, every reasonable intendment will be indulged in favor of the petition, and that in doing so he alleged acts of fraud by representation sufficient to cancel the contract. Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Gen. Bonding, etc., v. Mount, 183 S. W. 783. We believe the trial court was in error in sustaining the general exception and in instructing a verdict for the defendant in this case. The mere fact that the appellant insisted that his pleading was sufficient and demanded a trial by the jury should not be treated as an invitation to the court to instruct a verdict against him.

Reversed and remanded.