## MUTUAL LIFE & LOAN ASS'N OF AMERICA v. JACKSON.

### No. 4567.

Court of Civil Appeals of Texas. Texarkana.
Nov. 17, 1934.

Rehearing Denied Nov. 29, 1934.

Sullivan & Wilson, of Dallas, for plaintiff in error.

Sam Williams, of Mt. Pleasant, for defendant in error.

548

*JOHNSON, Chief Justice.*

This suit was brought by defendant in error, T. A. Jackson, in the county court of Franklin county, seeking to set aside a settlement and cancel a release, and to recover upon a mutual insurance policy issued on the life of Harry Pierson, an uncle of Jackson, and payable to Jackson as beneficiary named in the policy, for its face value in the sum of $1,000, issued by plaintiff in error, Mutual Life & Loan Association of America, a mutual assessment company. The settlement and written release of the claim sought to be canceled is alleged to have been procured by D. C. Tabor, president of the company, from plaintiff for an alleged inadequate sum, $25; that plaintiff was induced to make the settlement and sign the release relying upon certain alleged false and fraudulent representations made to him by said D. C. Tabor for the purpose of procuring the release from the plaintiff. The false and fraudulent representations alleged to have been made by Tabor to Jackson in procuring the release are, stated in substance: (1) That plaintiff's claim had been rejected by defendant's board of claims; and (2) that no assessment in payment of the claim could be made by the company upon the surviving members of the group in which this policy had been placed; and (3) that no assessment would be made by the company upon such surviving members in payment of the claim, whereas in truth and in fact plaintiff's claim had not been rejected by defendant's board of claims, and that the assessment was (subsequently) made and collected upon the surviving members for the amount herein sued for.

On trial of the case, the issues were determined by the jury in favor of plaintiff, and judgment was entered against defendant for the amount found to have been collected from the surviving members on the claim, in the sum of $256, less the $25 previously paid to plaintiff. The case is before us on writ of error sued out by defendant company.

 Plaintiff in error by its brief presents the contention that the trial court erred in overruling its motion for new trial, for the contended reason that the alleged false and fraudulent representations consist only of "a promise of the happening of some future contingency," and do not constitute actionable fraud.

Ordinarily, representations as to future contingent events, or a promise of something to be done or not to be done in the future, do not constitute actionable fraud. 20 Tex. Jur. §§ 15 and 16, pp. 29, 30. But a statement as to what will or will not occur in the future, when such statement is based on past or present facts, may in a proper case be actionable, Burcum v. Gaston (Tex. Civ. App.) 196 S. W. 257; American Law Book Co. v. Fulwiler (Tex. Civ. App.) 219 S. W. 881; and a promise may, in particular circumstance, constitute actionable fraud when made with intent at the time that it would not be performed, and with the intention, design, and purpose of deceiving, Stuard v. Vick (Tex. Civ. App.) 9 S.W.(2d) 494; and the question of intent to deceive and defraud at the time of making the promise is a fact issue for the jury, Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. In the record before us, the jury found in favor of defendant in error, Jackson, on his allegations of misrepresentations that his claim had been rejected and that no assessment for its collection could be made on the surviving members, which allegations and findings are within the rule declaring misrepresentation of material past or existing facts actionable.

Wherefore the judgment of the trial court is affirmed.