NO. 07-01-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 9, 2002

______________________________

RONALD ELAN MARTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 29,387-A; HONORABLE DAVID GLEASON, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

On December 17, 2001, a copy of a Notice of Appeal in cause No. 29,387-A in the 47th District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk).  The document filed gives notice that Ronald Elan Martin, appearing 
pro se
, desires to appeal from a “Motion to Compel Enforcement of Court Acceptance of Plea Bargain” which the Notice of Appeal alleges was filed on November 16, 2001.  On January 7, 2002, a docketing statement was filed with the appellate clerk which sets out that the appeal is from “Motion to Compel Plea Agreement,” does not set out the date of any order from which appeal is taken, does not indicate whether any order from which appeal is taken disposes of all parties and issues, and does not indicate that appellant has filed an affidavit of indigency.        

By letter dated January 7, 2002, the District Clerk of Potter County (the trial clerk) advised the appellate clerk that (1) no order had been filed as to the “Motion to Compel Enforcement of Court Acceptance of Plea Bargain,”
 and (2) the trial clerk had not received either an order from the trial court to prepare a record or payment from appellant for preparation of a record.  An extension of time was granted for filing the clerk’s record until February 14, 2002.  By letter dated February 13, 2002, the trial clerk advised the appellate clerk that the trial court had not entered an order directing the preparation of a record, appellant had not made any payments for preparation of a record, appellant had not filed an affidavit of indigency, and that a clerk’s record was not being forwarded to the appellate clerk.  The clerk’s record has not been filed.  

By letter dated February 21, 2002, appellant and the State were notified that further proceedings in the appeal had been abated pending consideration by this court of its jurisdiction over the appeal, that the court would consider its jurisdiction over the appeal on or after March 25, 2002, and that any matters the parties desired this court to consider on the question of appellate jurisdiction should be submitted on or before March 22, 2002.  Appellant filed a brief on March 22, 2002, addressing the jurisdiction issue.  

Appellant’s brief affirms that his notice of appeal relates to a motion pending in the trial court but on which the trial court has not acted.  He does not assert via his brief, his docketing statement or his notice of appeal that he is appealing from the judgment of conviction or an order.       

In a criminal case, appeal is perfected by timely filing a notice of appeal.  
Tex. R. App. P.
 25.2(a).
(footnote: 1)  The notice of appeal must be in writing and must contain the necessary jurisdictional allegations. 
TRAP 25.2(b);  
State v. Riewe
, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000).  TRAP 25.2(b) provides that notice of appeal is sufficient if the notice shows the party’s desire to appeal from “the judgment or other appealable order.”

  
 An untimely notice of appeal or a notice of appeal which does not contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals.  
See
 
 
Riewe
, 13 S.W.3d 
at 411.  
Unless the jurisdiction of the appellate court is invoked, the appellate court has no jurisdiction over the appeal and must dismiss the matter.  
See
 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); 
Olivo v. State
, 918 S.W.2d 519, 523  (Tex.Crim.App. 1996)
.  

Appellant’s notice of appeal does not show that appellant desires to appeal from either a judgment or an order, much less from one that is final or appealable.  The form of 

appellant’s notice of appeal is not sufficient to invoke our appellate jurisdiction.  Accordingly, we dismiss the appeal for want of jurisdiction.     

Phil Johnson

    Justice

Publish.

ñ0ÉñåßÑ
Id
.  For instruction as to who can bring an election contest action and who shall be named as a contestee, we look to enacted statute.  
Id
.  Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.  
Tex. Gov’t Code Ann
. § 311.034 (Vernon Supp. 2007).  

Under section 233.003 of the Texas Election Code, the contestee must be at least one of the following:  (1) the presiding officer of the final canvassing authority for the contested election; (2) the presiding officer of the authority that ordered the contested election or the ordering authority, if ordered by an individual; or (3) if the person specified by subdivision (1) or (2) is incapacitated or cannot act for any other reason, another member of the specified authority.  
Tex. Elec. Code Ann.
 § 233.003(a) (Vernon Supp. 2004).
(footnote: 1)  Since the canvassing authority is the governing body of the municipality (city commission), 
see
 
 § 67.002(a)(2), the proper contestee under section 233.003 is the mayor, as the presiding officer of the city commission.  Therefore, Mendez did not fulfill the statutory prerequisite to filing an election contest suit, because his suit named the City as the contestee instead of the presiding officer of the city commission.  Although Mendez points out that McCartt was served citation on behalf of the City, the fact that McCartt had notice of the suit is insufficient to meet the requirements of the statute.  
See
 § 233.003(a); 
Mercer v. Woods
, 33 Tex.Civ.App. 642, 78 S.W. 15, 17 (1903).  Strict compliance with the requirements of the statute is necessary to invoke the district court’s jurisdiction.
(footnote: 2)  
Id
. at 646.  Since Mendez did not file suit against a contestee, as required by section 233.003, within the prescribed time after the election, 
see
 § 233.006, we conclude that the district court did not have jurisdiction to try the election contest.  Therefore, we conclude that the trial court did not err in granting the City’s plea to the jurisdiction.  Because of our determination that the trial court did not have jurisdiction to hear Mendez’s petition for an election contest, the trial court had no jurisdiction to entertain any motions on behalf of Mendez, including any request to file an amended petition.

Conclusion

For the foregoing reasons, we affirm the trial court’s order granting the City of Amarillo’s plea to the jurisdiction.   

Mackey K. Hancock

Justice

Campbell, J., concurring.  

FOOTNOTES
1:
Further reference to the Rules of Appellate Procedure will be by referencing “TRAP _.” 

1:
2: