NO. 07-07-0207-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2008
                                       ______________________________

PEDRO MENDEZ, APPELLANT

V.

CITY OF AMARILLO, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 95089-D; HONORABLE KELLY G. MOORE, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Pedro Mendez, appeals the trial court’s decision granting the City of
Amarillo’s plea to the jurisdiction. We affirm.
Background 
          On January 17, 2005, a group of citizens commenced a petition drive seeking to
amend the charter of the City of Amarillo. Specifically, the group sought to amend the
charter to reform the method of electing city commissioners. The group sought to increase
the number of commissioners and also sought to establish election of city commissioners
by single member districts instead of at-large voting After receiving and approving the
petition, the city commission enacted an ordinance placing the two proposed amendments
on the ballot for the November 7, 2006 general election. However, the ordinance placing
the proposed amendments onto the ballot combined the two amendments into a single
proposition. Although the petitioning group voiced their objection to the consolidation of
the two proposed amendments into a single proposition, the two amendments remained
as a single proposition on the ballot. After the election in which the proposition was
defeated, Mendez filed an election contest suit contending that the wording of the
ordinance violated state law. In his suit, Mendez named the City as the sole party
contestee and served citation of the suit on Debra McCartt, the mayor of Amarillo. On
December 28, 2006, the City filed its plea to the jurisdiction contending that Mendez had
filed suit upon the City in error and that the trial court, therefore, had never acquired
jurisdiction. On February 20, 2007, Mendez filed a response to the plea to the jurisdiction
and amended his petition to name Mayor Debra McCartt as a party contestee. On April
30th, the trial court heard argument on the plea to the jurisdiction, granted the City’s plea,
and dismissed the case by an order signed on May 13th. Mendez filed his notice of appeal
on May 18th.
          Mendez appeals raising two issues: (1) whether the district court acquired
jurisdiction even though Mendez failed to name the mayor as a party contestee because
the mayor had notice of the action by virtue of service of citation, and (2) whether the trial
court erred in dismissing the case without first giving Mendez an opportunity to amend his
petition to properly name the mayor as a party to the contest. 
Law and Analysis
          Whether a trial court has subject matter jurisdiction is a question of law and is,
therefore, reviewed de novo. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004). An election contest, although tried in a district court, is still a
legislative proceeding. See De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519, 522
(1938). The constitutional authority giving the district courts jurisdiction to try contested
elections prescribes no rules or legal machinery by which its jurisdiction may be enforced. 
Id. For instruction as to who can bring an election contest action and who shall be named
as a contestee, we look to enacted statute. Id. Statutory prerequisites to a suit, including
the provision of notice, are jurisdictional requirements in all suits against a governmental
entity. Tex. Gov’t Code Ann. § 311.034 (Vernon Supp. 2007). 
          Under section 233.003 of the Texas Election Code, the contestee must be at least
one of the following: (1) the presiding officer of the final canvassing authority for the
contested election; (2) the presiding officer of the authority that ordered the contested
election or the ordering authority, if ordered by an individual; or (3) if the person specified
by subdivision (1) or (2) is incapacitated or cannot act for any other reason, another
member of the specified authority. Tex. Elec. Code Ann. § 233.003(a) (Vernon Supp.
2004).


 Since the canvassing authority is the governing body of the municipality (city
commission), see § 67.002(a)(2), the proper contestee under section 233.003 is the
mayor, as the presiding officer of the city commission. Therefore, Mendez did not fulfill the
statutory prerequisite to filing an election contest suit, because his suit named the City as
the contestee instead of the presiding officer of the city commission. Although Mendez
points out that McCartt was served citation on behalf of the City, the fact that McCartt had
notice of the suit is insufficient to meet the requirements of the statute. See § 233.003(a);
Mercer v. Woods, 33 Tex.Civ.App. 642, 78 S.W. 15, 17 (1903). Strict compliance with the
requirements of the statute is necessary to invoke the district court’s jurisdiction.


 Id. at
646. Since Mendez did not file suit against a contestee, as required by section 233.003,
within the prescribed time after the election, see § 233.006, we conclude that the district
court did not have jurisdiction to try the election contest. Therefore, we conclude that the
trial court did not err in granting the City’s plea to the jurisdiction. Because of our
determination that the trial court did not have jurisdiction to hear Mendez’s petition for an
election contest, the trial court had no jurisdiction to entertain any motions on behalf of
Mendez, including any request to file an amended petition.
Conclusion
          For the foregoing reasons, we affirm the trial court’s order granting the City of
Amarillo’s plea to the jurisdiction.  
 
                                                     Mackey K. Hancock

Justice









Campbell, J., concurring.