NO. 07-07-0207-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2008
_____

PEDRO MENDEZ, APPELLANT

V.

CITY OF AMARILLO, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 95089-D; HONORABLE KELLY G. MOORE, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____MEMORANDUM OPINION

Appellant, Pedro Mendez, appeals the trial court's decision granting the City of Amarillo's plea to the jurisdiction. We affirm.

Background

On January 17, 2005, a group of citizens commenced a petition drive seeking to amend the charter of the City of Amarillo. Specifically, the group sought to amend the charter to reform the method of electing city commissioners. The group sought to increase

the number of commissioners and also sought to establish election of city commissioners by single member districts instead of at-large voting  After receiving and approving the petition, the city commission enacted an ordinance placing the two proposed amendments on the ballot for the November 7, 2006 general election.  However, the ordinance placing the proposed amendments onto the ballot combined the two amendments into a single proposition.  Although the petitioning group voiced their objection to the consolidation of the two proposed amendments into a single proposition, the two amendments remained as a single proposition on the ballot.  After the election in which the proposition was defeated, Mendez filed an election contest suit contending that the wording of the ordinance violated state law.   In his suit, Mendez named the City as the sole party contestee and served citation of the suit on Debra McCartt, the mayor of Amarillo.  On December 28, 2006, the City filed its plea to the jurisdiction contending that Mendez had filed suit upon the City in error and that the trial court, therefore, had never acquired jurisdiction.  On February 20, 2007, Mendez filed a response to the plea to the jurisdiction and amended his petition to name Mayor Debra McCartt as a party contestee.   On April 30th, the trial court heard argument on the plea to the jurisdiction, granted the City's plea, and dismissed the case by an order signed on May 13th.  Mendez filed his notice of appeal on May 18th.

Mendez appeals raising two issues:  (1) whether the district court acquired jurisdiction even though Mendez failed to name the mayor as a party contestee because the mayor had notice of the action by virtue of service of citation, and (2) whether the trial

court erred in dismissing the case without first giving Mendez an opportunity to amend his petition to properly name the mayor as a party to the contest.

Law and Analysis

Whether a trial court has subject matter jurisdiction is a question of law and is, therefore, reviewed *de novo*. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). An election contest, although tried in a district court, is still a legislative proceeding. See De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519, 522 (1938). The constitutional authority giving the district courts jurisdiction to try contested elections prescribes no rules or legal machinery by which its jurisdiction may be enforced. Id. For instruction as to who can bring an election contest action and who shall be named as a contestee, we look to enacted statute. Id. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity. TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2007).

Under section 233.003 of the Texas Election Code, the contestee must be at least one of the following: (1) the presiding officer of the final canvassing authority for the contested election; (2) the presiding officer of the authority that ordered the contested election or the ordering authority, if ordered by an individual; or (3) if the person specified by subdivision (1) or (2) is incapacitated or cannot act for any other reason, another member of the specified authority. TEX. ELEC. CODE ANN. § 233.003(a) (Vernon Supp.

3

2004).[1]  Since the canvassing authority is the governing body of the municipality (city commission), see § 67.002(a)(2), the proper contestee under section 233.003 is the mayor, as the presiding officer of the city commission.  Therefore, Mendez did not fulfill the statutory prerequisite to filing an election contest suit, because his suit named the City as the contestee instead of the presiding officer of the city commission.  Although Mendez points out that McCartt was served citation on behalf of the City, the fact that McCartt had notice of the suit is insufficient to meet the requirements of the statute.  See § 233.003(a); Mercer v. Woods, 33 Tex.Civ.App. 642, 78 S.W. 15, 17 (1903).  Strict compliance with the requirements of the statute is necessary to invoke the district court's jurisdiction.[2]  Id. at 646.  Since Mendez did not file suit against a contestee, as required by section 233.003, within the prescribed time after the election, see § 233.006, we conclude that the district court did not have jurisdiction to try the election contest.  Therefore, we conclude that the trial court did not err in granting the City's plea to the jurisdiction.  Because of our determination that the trial court did not have jurisdiction to hear Mendez's petition for an

---

[1]Further references to the Texas Election Code will be by reference to "§ ___" or "section ___."

[2]Additionally, Mendez contends that the City agreed to waive immunity by virtue of language contained in the City's charter.  However, legislative consent for suit or any other sovereign immunity waiver must be "by clear and unambiguous language."  TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2004).  When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity.  See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 697 (Tex. 2003).  Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit.  Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  So, although Mendez contends that the City's charter provision clearly waives immunity, in fact, the quoted language of "implead or be impleaded" has been determined not to constitute a clear and unambiguous waiver of immunity.  PKG Contracting, Inc. v. City of Mesquite, 197 S.W.3d 388, 389 (Tex. 2006).

4

election contest, the trial court had no jurisdiction to entertain any motions on behalf of Mendez, including any request to file an amended petition.

Conclusion

For the foregoing reasons, we affirm the trial court's order granting the City of Amarillo's plea to the jurisdiction.

Mackey K. Hancock
Justice

Campbell, J., concurring.