### J. T. MESSER ET AL. v. G. W. CROSS ET AL.

Decided April 11, 1901.

**Contested Election—Local Option Law—Notice and Service—Jurisdiction.**

In an action brought in the District Court to contest the result of a local option election, the jurisdiction of the court was sufficiently invoked where contestants, within thirty days after the return day of the election, filed with the clerk of the court a statement of the grounds of contest, put in the form of a petition, and notice thereof was given to the contestees in the form of a citation containing the requisites prescribed for a citation in other cases; and it was immaterial that, instead of serving contestees with the original petition or statement and filing a copy with the clerk, the original was filed with the clerk and the copy served upon contestees. Articles 1798-1803, 1804t, construed.

Appeal from Smith. Tried below before Hon. J. G. Russell.

*J. A. Bullock, F. J. McCord,* and *Johnson & Edwards,* for appellants.

PLEASANTS, ASSOCIATE JUSTICE.—Appellants, who are all residents of Troupe independent school district No. 2 of Smith County, brought this suit in the District Court of said county against G. W. Cross, county judge, and N. A. Gentry, county attorney of said county, to contest the result of a local option election held in said school district on the 5th day of June, 1900, and have same set aside and to enjoin said county judge from publishing the declared result of said election. The grounds for contesting said election as set out in the petition are as follows:

"1. That the town of Troupe, which was situated within the limits of the said independent school district, was a legally incorporated town, and that the said school district embraced more territory than the said town of Troupe.

"2. That twelve persons who were qualified and legal electors and entitled to vote at said election, and who resided within the limits of said territory described in the order for and the notices of said election, had offered to vote at said election, and had tendered their votes, but were, by the officers of said election, denied the right to vote, and that each of said persons intended to vote, and would have voted, against

prohibition; and that these votes would have changed the result of said election, the returns thereof showing that 112 persons voted for prohibition, and 106 persons voted against prohibition at said election.

"3. That three persons legally qualified to vote at said election who were present to vote therein, were intimidated, coerced, and by force prevented from voting at the said election, and that such persons intended to vote, and would have voted, against prohibition at said election.

"4. That five persons, not entitled to vote at said election, who were not residents within nor qualified voters in the territory to be affected by the said election, where illegally permitted by the officers of the said election to vote therein, and they had voted at said election for prohibition."

Plaintiffs alleged that they had property rights involved, and that they were threatened with vexatious litigation, and that some of the plaintiffs were engaged in the retailing of liquors within the said territory, and were threatened with vexatious prosecutions should the result of said election be published.

This petition was filed in the office of the district clerk of Smith County on the 20th day of June, 1900, and on the same day each of the defendants was served with a regular citation issued by the clerk on said petition, and with a certified copy of the petition, such citation and copy of the petition having been delivered to each of the defendants by J. G. Leath, a deputy sheriff of Smith County. On the day the petition was filed the judge of the District Court ordered the defendants to show cause why the injunction should not be granted as prayed for. On the 2d day of July, 1900, the defendants filed their answer, and upon a hearing by the court on July 9th, an injunction was granted restraining the county judge from publishing the result of said election pending said contest. When the case was called for trial at the September term of the court, same being the first term after the suit was filed, the defendants presented a plea in abatement, in which it is averred that the plaintiffs or contestants had failed to give defendants, their agents or attorneys, written notice as required by law of the grounds on which contestants rely to sustain their contest, and contestees had not been given the ten days authorized by law to reply to same, wherefore contestees say that the suit is prematurely brought and should be abated.

The court below sustained the defendants' plea in abatement, vacated the injunction thereto rendered in the case, and dismissed plaintiffs' suit, from which judgment this appeal is prosecuted.

Chapter 7, title 36, of the Revised Statutes prescribing the manner of contesting elections contains the following provisions:

"Art. 1798. Any person intending to contest the election of any one holding a certificate of election as a member of the Legislature, or for any office mentioned in this law, shall within thirty days after the return day of election give him a notice thereof in writing and deliver

to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the "return day" is meant the day on which the votes cast in said election are counted and the official result thereof declared.

"Art. 1799. The person holding such certificate shall within ten days after receiving such notice and statement deliver or cause to be delivered to said contestant, his agent or attorney, a reply thereto in writing.

"Art. 1800. The notice, statement and reply required by the two preceding articles may be served by any person competent to testify, and shall be served by delivering the same to the party for whom they are intended in person, if he can be found in the county, if not found, then upon the agent or attorney of such person, or by leaving same with some person over the age of 16 years at the usual place of abode or business of such person.

"Art. 1801. If the contest be for the validity of an election for any State office, except the office of Governor and Lieutenant Governor, or for any district office except members of the Legislature, or for any county office, a copy of the notice and statement of the contestant and of the reply thereto of the contestee served on the parties shall be filed with the clerk of the court having jurisdiction of the case.

"Art. 1802. When the notice, satement, and reply have been filed with the clerk of the court he shall docket the same as in other causes, and the said contest shall have precedence over all other causes. Should the office contested for be that of a clerk of the district court, then a clerk pro tem. shall be appointed as is provided now by law in suits where the clerk is a party to the suit.

"Art. 1803. In trials of all contests of election the evidence shall be confined to the issues made by the statement and reply thereto, which statement and reply may be amended as in civil cases; and as to the admission and exclusion of evidence, the trial shall be conducted under the rules governing proceedings in civil causes.

"1804t. If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

The court below held that appellants having failed to comply with the articles of the statute above quoted prescribing the manner in which the result of elections may be contested, the jurisdiction of the court was not properly invoked and the court was without authority or jurisdiction to hear and determine the issues presented in plaintiff's petition.

The cases of Wright v. Fawcett, 42 Texas, 203; Lindsey v. Luckett, 20 Texas, 516; and Roach v. Malotte, 23 Texas Civil Appeals, 400, are cited and relied upon by appellees to sustain the judgment of the trial court. In Wright v. Fawcett it is held that the jurisdiction of the district court to hear and determine an election contest can only be invoked by a compliance with the provisions of the statute regulating the manner in which the result of elections shall be contested, and unless the notice and statement required to be served by the contestant on the contestee is served within the time prescribed by the statute the power of the court is not set in motion and it has no jurisdiction to hear and determine the contest. The same doctrine is announced in the case of Lindsey v. Luckett in construing a statute which provides that election contests shall be heard and determined by the commissioners court, and contains the same provisions as to the service of notice and a statement of the grounds of the contest as the statute under consideration in this case. When these cases were decided the Constitution then in force did not confer jurisdiction upon the district nor the commissioners court to try contests of elections. Article 5, section 8, of the present Constitution expressly gives the district court jurisidction of election contests, and there is much force in appellants' contention that the doctrine announced in the cases above mentioned can not be applied to the district court, as its jurisdiction is not fixed by the Constitution. It is competent, however, for the Legislature to so limit the manner in which a court of general jurisdiction shall exercise its power in cases of a designated character as to render such court a special tribunal for the trial of such cases. Holmes v. Buckner, 67 Texas, 107; Cordray v. Neuhaus, 1 Texas Ct. Rep., 783.

The method of contesting the result of an election is a political rather than a judicial question, and the power of the Legislature to prescribe an exclusive and final method of determining such contests can not be questioned. Where private rights are involved the constitutional jurisdiction of the courts to protect such rights may not be abridged, and it has been uniformly held by our courts that the statute regulating election contests in no way affects the jurisdiction of the district court to try the right to an office. Jennett v. Owens, 63 Texas, 201.

After the decision in the case of Wright v. Fawcett was rendered, the Supreme Court held in the cases of Ex parte Towles, 48 Texas, 413; Williamson v. Lane, 52 Texas, 335, and Ex parte Whitlow, 59 Texas, 273, that the district court having no jurisdiction conferred upon it by the Constitution to try election contests, such jurisdiction could not be conferred upon it by the Legislature, and the Act of 1875 regulating the manner of contesting elections and giving the district court jurisdiction to hear and determine such contests was unconstitutional. These decisions were rendered prior to the adoption of the amendment to the Constitution giving the district courts jurisdiction over election contests. In the case of Roach v. Malotte, supra, the Court of Civil Appeals for the Second District, in a well considered opinion by Judge

Hunter, while holding that the provisions of the statute above quoted requiring the contestee to file his answer to contestant's statement within ten days is merely directory, plainly indicates that if the question had been presented the court would have held that in order to invoke the jurisdiction of the court the contestant must comply with the requirement of the statute in regard to the service upon the contestee of notice and of a statement of the grounds of the contest.

We do not think, however, that the decision of this case depends upon whether or not the statute is mandatory and the remedy prescribed thereby is exclusive, for conceding that such is a proper construction to be placed upon the statute, we think the facts in this case show that appellants have met its every requirement.

A copy of the petition and a citation issued by the clerk were served upon each of the appellees within thirty days after the return day of the election sought to be contested. The statute does not prescribe the requisites of the statement in writing required to be served upon the contestee further than that it shall contain the grounds on which the contestant relies to sustain the contest. This requirement is certainly met by the petition in this case, and the fact that the statement is in the form of a petition does not render it obnoxious to any provision of the statute. That this petition was served upon appellees by a person competent to testify and served within the time prescribed by law is not disputed. It will be observed that the statute does not make the right to bring the suit dependent upon first serving the contestee with a statement of the grounds of the contest, but the filing and serving of such statements is in itself the bringing of the suit. Such statement is made the pleading upon which the suit is based, and while an amendment thereto is permitted it is not required, and the statute clearly contemplates that the suit may be tried upon such original statement and the answer filed thereto by the contestee. The statute also fails to prescribe the requisites of the notice required to be served upon the contestee, and in the absence of any provision as to what said notice shall contain, we are clearly of the opinion that a notice containing all of the requisites prescribed for a citation in other cases fulfills the requirements of the statute. The contestees had all the notice of appellants' intention to contest the election and of the grounds of such contest to which they were entitled under the law, or which possibly could have been given them. The proceedings were commenced within the time prescribed by law, and it will not be contended that the failure of contestees to answer the contestants' statement of the grounds of the contest within the time prescribed by the statute could affect appellants' right to have said contest heard.

We think the provisions of the statute before quoted prescribing the manner in which the result of elections may be contested were strictly complied with by appellants save in the immaterial and unimportant particular that instead of serving appellees with the original petition and filing a copy with the clerk, the original was filed with the clerk

and a copy served upon appellees. This slight deviation from the letter of the statute is too small a matter to be considered. We think the judgment of the court below should be reversed and this cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*