### E. F. SWENSON v. J. F. McKAY.

Decided November 16, 1907.

#### Contested Election—Filing Notice—Statute Construed.

The fact that the contestant, in an action to contest the election to the office of district and county clerk, failed to file in the court having jurisdiction copies of the notice of contest and statement of the grounds within thirty days after return day of the election, will not defeat the jurisdiction of the court. The only limitation as to time in the statute (Sayles Rev. Stats., articles 1798 and 1801) is that relating to the time within which the notice of contest and statement of grounds is to be served on the contestee.

Appeal from the District Court of Parmer County. Tried below before Hon. J. N. Browning.

*Barcus & North,* for appellant.

*John P. Slaton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a contested election case in which the District Court sustained a motion to dismiss for want of jurisdiction to hear the contest because the notice of contest was not filed in the District Court within thirty days from the return day of the election. The contestant has appealed.

On May 7, 1907, an election was held in Parmer County for the purpose of selecting a county site and electing county officers, at which election the appellant and appellee were candidates for the office of district and county clerk. On May 8, 1907, the Commissioners Court of Deaf Smith County, to which county Parmer County was attached for judicial purposes, canvassed the returns and declared appellee elected to the office. On June 4, 1907, appellant served appellee with written notice of his intention to contest his, appellee's, election, stating the grounds on which he would base such contest. On June 20, 1907, appellant's petition, accompanied by a copy of the notice of contest, was filed in the District Court by D. O. Stallings, clerk *pro tempore.* Appellee filed his answer on the same day, and four days later, when the case was called for trial, he filed his motion to · dismiss for want of jurisdiction, which, as has already been stated, the court sustained.

Whether or not the judgment of the District Court in dismissing the contest for want of jurisdiction is correct depends upon the

construction to be placed on articles 1798 and 1801 of Sayles' Texas Civil Statutes regulating the procedure in contested election cases. The first article referred to reads: "Any person intending to contest the election of any one holding a certificate of election as a member of the Legislature, or for any office mentioned in this law, shall within thirty days after the return day of election give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared;" while the second provides: "If the contest be for the validity of an election for any State office except the office of Governor and Lieutenant Governor, or for any district office, except members of the Legislature, or for any county office, a copy of the notice and statement of the contestant and of the reply thereto of the contestee served on the parties, shall be filed with the clerk of the court having jurisdiction of the case."

It will be observed that the only limitation as to time is that relating to the time within which the notice of contest and statement of grounds is to be served on the contestee. The article requiring copies of these papers to be filed with the clerk of the court having jurisdiction does not prescribe any time within which such copies are to be filed. We do not feel at liberty to read into the statute a requirement which the Legislature has failed to place there, and which it could so easily have done had it seen fit. It is significant that article 1804-1, with reference to contesting the validity of an election for members of the Legislature does require that a copy of the notice, statement and reply served upon the parties shall be filed with the district returning officer within twenty days after service. No other article of the statutes, so far as we have been able to discover, declares the time within which such copies are to be filed in the District Court. We think appellant has complied literally with the statutes in his efforts to contest appellee's election, and that the trial court erred in dismissing the cause for want of jurisdiction.

The cases of Lindsey v. Luckett, 20 Texas, 516, and Wright v. Fawcett, 42 Texas, 203, holding in effect that a compliance with the terms of the statute is jurisdictional, are not in conflict with our holding, since, in the first case, the notice of contest was not served within the time prescribed by law, and in the second, while there was an allegation that contestant had within thirty days notified the contestee that he would contest the validity of the certificate of election, there was nothing to show how said notice was served.

It has been pointed out in Messer v. Cross, 63 S. W. Rep., 169, that when these cases were decided the Constitution then in force did not confer jurisdiction upon the District nor the Commissioners' Court to try contests of elections, while article 5, section 8, of the present Constitution expressly gives to the District Court jurisdiction in such matters. and while it is proper for the Legislature to limit the manner in which a court of general jurisdiction shall

exercise its power in cases of a designated character, so as to render such court a special tribunal for the trial of such cases, yet a substantial compliance with such legislative requirements is all that should be required to entitle one to a hearing.

The judgment of the District Court is therefore reversed and the cause remanded for a hearing on the merits.

*Reversed and remanded.*