### R. S. CAUTHRON ET AL. v. R. L. MURPHY ET AL.

Decided June 4, 1910.

**1.—Election—Stock Law—Contest—Jurisdiction—Constitution.**

Article V, section 8 of the Constitution as amended in 1891 confers jurisdiction upon the District Court to try contested elections. Said section is not selfexecuting. A contested election is not a civil suit and can not be tried by the proceedings in such cases.

**2.—Same—Statute—Procedure.**

Articles 1797 and 1798, Rev. Stats., apply to and regulate the procedure in the contest of a stock law election, hence one desiring to contest such an election must give notice in writing to the contestee within thirty days after the result is declared of the grounds upon which he intends to contest the election.

**3.—Same—Notice to Contestee—Jurisdiction.**

The giving of the notice to the contestee of the grounds upon which a stock law election will be contested is a jurisdictional fact and without it the District Court would have no jurisdiction to try the case.

**4.—Same—Pleading.**

Pleading in a proceeding to contest a stock law election considered, and held insufficient as a compliance with the requirements of the statute concerning notice to the contestee of the grounds of contest.

Appeal from the District Court of Van Zandt County. Tried below before Hon. R. W. Simpson.

*T. R. Yantis,* for appellants.

*Lively & Stanford,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit brought by appellants to contest a stock law election held in a subdivision of Van Zandt County. The trial court sustained the appellees' plea to the jurisdiction of the court on the ground that appellees had not been served with a notice of appellants' grounds of contest, and rendered judgment dismissing the cause. To this action of the court the appellants excepted and in open court gave notice of appeal. The appeal was duly perfected.

The first assignment of error reads as follows: "The court erred in finding that the defendants had not been given notice of plaintiffs' grounds of contest of said election, and dismissing this suit, the notice served on the defendants showing that plaintiffs contested said election on the ground that said election was not held as required by law, that the lines were not run as they should have been, but were so run as to include parties in favor of said stock law and so as not to include parties opposed to said stock law. That parties not qualified to vote in said election were permitted to vote in said election, that other parties who were qualified voters at said election were not permitted to vote, and if they had been permitted to vote, they would have voted against the stock law and the result of said election would have gone against the stock law."

Article V., section 8 of the Constitution as amended in 1891, confers jurisdiction upon the District Courts to try contested elections. This clause of the Constitution is not selfexecuting. It is held that a contested election is not a civil suit and therefore can not be tried by the proceedings in such cases. (Odell v. Wharton, 87 Texas, 173.) Title 36, chapter 7 of Sayles' Civil Statutes prescribes rules for the contesting of the election of certain district and county officers. Article 1797 provides that "contested elections for other purposes than the election of officers shall be tried by the District Court in the county where the election was held, or either of them if there is more than one such court." Article 1798 provides: "Any person intending to contest the election of any one holding a certificate of election as a member of the Legislature or for any office mentioned in this law, shall, within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground upon which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared." We think these articles of the statute apply to the contest of a stock law election and that one desiring to contest such an election is required to give notice in writing to the contestee of the grounds upon which he intends to contest the election within thirty days after the votes are cast and counted and the result de-

clared. If they do not apply to a stock law election, then there seems to be no statute prescribing rules for the contest of such an election, and the District Court would not have jurisdiction of such a contest. (Odell v. Wharton, *supra*.) The jurisdiction of the District Court is, by the statute, made dependent upon the giving notice of contest prescribed by the statute. Lindsley v. Luckett, 20 Texas, 516; Wright v. Fawcett, 42 Texas, 203. The petition failing to show that the contestants had given the statutory notice of the contest the District Court did not err in holding it had no jurisdiction of the matter and in dismissing the cause.

A writ of injunction issued in the cause and a copy of it was served on the county judge and county attorney who were the contestees in the suit, as was also a copy of the citation, and such service was had within thirty days from declaring the result of the election and appellees contend that this was a sufficient compliance with the statute requiring notice of the contest. This contention is not tenable. The statute requiring notice is jurisdictional and must be complied with. Neither the citation nor the writ of injunction was signed by the contestants or their attorneys and service of the same did not meet the requirement of the statute to give to the contestee, his agent, or attorney a written statement of the grounds on which they rely to sustain the contest.

The judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.