BASSEL, Mayor, et al. v. SHANKLIN et al. (No. 5572.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1916.)

1. MUNICIPAL CORPORATIONS ⬥48—CHARTER ELECTIONS—CONTEST—NOTICE.

The giving of notice of contest stating the ground thereof, required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3051, in case of contest of election to a county office, is essential to jurisdiction in a contest of an election for acceptance of a city charter; article 3077 authorizing contest of an election held for any other purpose than election of an officer, to be had in the same manner and under the same rules, as far as applicable, as are prescribed for contest of election for a county office; and article 3078 providing that in case of a contest of such a city election, the officer declaring its result shall be made contestee, and served with notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 127, 128, 130–133; Dec. Dig. ⬥48.]

2. CONSTITUTIONAL LAW ⬥29 — SELF-EXECUTING PROVISIONS—CONTESTED ELECTIONS.

Const. art. 5, § 8, as amended in 1891, giving district courts jurisdiction to try contested elections is not self-executing.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 32; Dec. Dig. ⬥29.]

---

3. ELECTIONS ⬥269—CONTEST—PROCEDURE.

A contest of election is not a civil suit, and so cannot be tried by methods prescribed therefor, but must proceed according to statutory provisions authorizing it.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 245, 246; Dec. Dig. ⬥269.]

4. ELECTIONS ⬥271—CONTESTS—GROUNDS.

An election cannot be contested on the ground that the law authorizing holding thereof was void, but only for some reason showing it was not properly ordered or fairly conducted, such as failure to give notice, or that illegal votes were cast, or some other matter that would impeach the fairness of the result.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 248; Dec. Dig. ⬥271.]

5. INJUNCTION ⬥80—MUNICIPAL CORPORATIONS ⬥48 — QUO WARRANTO ⬥8 — VOID CHARTER ELECTION—REMEDY.

If an election for acceptance of a city charter is void for failure of the council to provide by ordinance for submission of the question whether a commission shall be chosen to frame a new charter, providing for the selection by the voters of a committee to prepare the same, a contest of the election is unnecessary; injunction to prevent enforcement of the charter, or quo warranto against officers holding thereunder being a proper remedy.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 151; Dec. Dig. ⬥80; Municipal Corporations, Cent. Dig. §§ 127, 128, 130–133; Dec. Dig. ⬥48; Quo Warranto, Cent. Dig. § 9; Dec. Dig. ⬥8.]

Appeal from District Court, Bell County; W. W. Hair, Special Judge.

Proceeding by M. H. Shanklin and others against Neal Bassel, Mayor, and others, to contest an election on a city charter. From an adverse judgment, defendants appeal. Reversed and remanded.

J. L. Beringer and A. L. Curtis, both of Belton, Winbourn Pearce, of Temple, and J. B. Hubbard, of Belton, for appellants. G. M. Felts, of Belton, and Marshall Surratt, of Waco, for appellees.

RICE, J. The city council of the city of Belton ordered an election to determine whether said city should accept a new charter which had been theretofore prepared by a committee selected by the council. This election was held in accordance with said order, and resulted, as declared by said body, in favor of its adoption, and an order was entered by the city council so declaring the result of such election; and this suit was brought by appellee Shanklin and 35 other qualified voters of said city to contest said election, assailing its validity on the ground, among others, that said council improperly ordered said election, in that it appointed a committee to draft the proposed charter, whereas it is contended that the selection of said committee should have been left to the qualified voters of said municipality. (2) That the question as to whether or not a commission should be chosen to frame a new charter was not left to the vote of the people, but was determined by the council itself. (3) That such proposed charter was not sub-

mitted to be voted on by sections, so that its provisions could be separately passed on, but was submitted as a whole; and because the city council did not cause the city clerk or secretary to mail a copy of the proposed charter to each qualified voter in the city not less than 30 days prior to the election; and also on the ground of fraud in conducting the election.

Appellants in their answer admitted the truth of the above allegations relating to the method adopted in ordering said election and the selection of a commission to draft said charter, and asserted that, notwithstanding they had failed to follow the procedure as contemplated by chapter 147, Session Acts of the 33d Legislature, p. 307 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i), still that said election was held and fairly conducted, and the majority of the votes cast were in favor of such charter, and hence it became and was effective.

To which answer asserting the validity of said election as ordered, appellees addressed an exception, to the effect that it constituted no defense to plaintiffs' cause of action; which being sustained, and appellants declining to amend, the court directed the jury to return a verdict in favor of appellees, which was done, and judgment was rendered declaring said charter illegal and void, from which this appeal is prosecuted.

[1] In the view we take of the case it will not be necessary, we think, to discuss any of the assignments of error presented in behalf of appellants, because we have concluded that the trial court had no jurisdiction of the case, as the record is now presented. On inspection of the petition we find no allegation showing that notice of contest was served upon appellants, which was necessary in order to confer jurisdiction. By article 3077, title 49, chapter 8, of Vernon's Sayles' Civ. Stats. vol. 2, it is provided that:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

The succeeding article in case of contest of city elections requires, among other things, that:

"The mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office," etc.

Article 3051, Id., provides that:

"Any person intending to contest the election of any one holding a certificate of election as a member of the Legislature, or for any office men-

tioned in this law, shall, within 30 days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest," etc.

In Lindsey v. Luckett, 20 Tex. 516, Mr. Justice Roberts held, as shown by the syllabus, that:

"The notice and statement of the grounds on which a party intends to contest the election of any one holding a certificate of election to a county office, which are required to be served on the latter within ten days after return day, are the predicate upon which the power of the county court is set in motion, and without which, within the time prescribed, that court has no jurisdiction to investigate the validity or event of such election."

Again, our Supreme Court, through Mr. Justice Gould, in Wright v. Fawcett, 42 Tex. 203, in construing a similar statute to the one here involved, declared that, in order to contest an election the contestant must comply with the requisites of the statute on the subject, saying that:

"The law has provided in what way elections may be contested, with the evident design that no other shall be pursued. The jurisdiction of the district court was dependent upon compliance with the prerequisites prescribed by the law; and as the record does not show such compliance, we think the case was correctly dismissed."

Mr. Justice Bookout in Cauthron v. Murphy, 130 S. W. 671 (which was a suit brought to contest a stock law election, where the petition failed to show that the contestant had given the statutory notice of contest), held that the district court did not err in dismissing the case for the want of jurisdiction, referring with approval to Lindsey v. Luckett and Wright v. Fawcett, supra. In 15 Cyc. pp. 398, 399, it is said:

"Notice in some form, setting forth one or more of the statutory grounds of contest is jurisdictional and is absolutely essential to the validity of the proceedings," specially referring to Taliaferro v. Lee, 97 Ala. 92, 13 South. 125, sustaining this view.

[2, 3] It is true that article 5, § 8, of the Constitution, as amended in 1891, gives district courts jurisdiction to try contested elections. This clause of the Constitution, however, in Cauthron v. Murphy, supra, was held not to be self-executing, which holding we think is correct. A contested election is not a civil suit and cannot therefore be tried by methods prescribed in such cases, but must proceed in conformity with the statutory provisions authorizing such contest. See Odell v. Wharton, 87 Tex. 173, 27 S. W. 123.

[4, 5] We may observe in passing that the demurrer seems to have been sustained on the ground that the city council failed to comply with the provisions of the act of the Legislature above referred to in ordering the election, therefore rendering the same void. We do not think that an election can be contested on the ground that the law authorizing the holding thereof was void, but

such contest must be based on some reason showing that such election was not properly ordered or fairly conducted, such as the failure to give notice of the time and place where the election is to be held or that illegal votes were cast thereat, or some other matter that would impeach the fairness of the result. So that if, as contended by appellants, the failure of the city council to provide by ordinance for the submission to the vote of the people of the question, "Shall a commission be chosen to frame a new charter?" providing therein for the selection by the voters of a committee to prepare same, rendered said election void, there was no necessity for this action; but the proper remedy, it seems, would be by injunction to prevent its enforcement (see McQuillin on Municipal Corporations, vol. 5, § 2502, and authorities thereunder; especially see Macon v. Hughes, 110 Ga. 795–804, 36 S. E. 247), or by quo warranto against its officers to oust them from office and declare the incorporation null and void (see Thompson et al. v. State, 23 Tex. Civ. App. 370, 56 S. W. 603; State v. Merchant, 38 Tex. Civ. App. 226, 85 S. W. 483).

But notwithstanding the petition fails to disclose that the notice of contest was given, which we hold essential to confer jurisdiction on the district court to try an election contest, still, as this may have been done within the time prescribed by law, we will not dismiss the case, but reverse and remand, so as to afford appellants an opportunity to amend their petition in this respect, if the facts authorize and they desire so to do; and it is so ordered.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.