**KENNISON et al. v. DU PLANTIS et al.
(No. 541.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 26, 1920. Rehearing Denied March 24, 1920.)

1. Elections ⟻284 — Contest statement not governed by rules applicable to petitions.

The ordinary rules of procedure in civil actions do not apply to election contests, so that the sufficiency of the written statement of contest is not to be determined by rules applicable to the petition in a civil cause.

2. Elections ⟻280, 285(1)—Omission of contestees' names in copy of petition does not invalidate contest.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3051, requiring election contestants to give contestees notice in writing of intention to contest, and to deliver to them a written statement of the grounds, which does not refer to article 1827, prescribing the requisites of a petition, a service of a copy of the petition filed in a contest case is not required, and the fact that the copy served does not name the contestees does not invalidate the proceedings; it affirmatively appearing that the contestees were not misled.

3. Elections ⟻280—Filing contest in court before notice of intention to contestees does not invalidate.

Though Vernon's Sayles' Ann. Civ. St. 1914, art. 3051, requires election contestants to give contestees written notice of intention to contest, the fact that the contest was filed in court before the notice was given does not invalidate the proceedings.

4. Elections ⟻279—Contests by two defeated candidates against the two successful ones may be joined.

There is no misjoinder of causes of action, nor of parties, where, in proceedings to contest an election of two school trustees, two defeated candidates are contestants against the two successful ones; all parties interested adversely to the contestees being proper parties plaintiff.

Appeal from District Court, Jefferson County; J. L. Manry, Judge.

Proceedings by Johnny Du Plantis and another to contest the election of Bill Kennison and another as school trustees. From a judgment declaring the election null and void, and directing that a new election be held, contestees appeal. Affirmed.

A. T. Watts and Duffie & Burgess, all of Beaumont, for appellants.
John M. Colney, of Beaumont, for appellees.

WALKER, J. In the election held in common school district No. 9, Jefferson county, Tex., on the 5th day of April, 1919, Johnny Du Plantis, Oscar Cunniff, Bill Kennison, and Junius Landry were candidates for trustees. Eighteen votes were cast in this election. Nine of them were counted for Bill Kennison and Junius Landry, eight were counted for Johnny Du Plantis and Oscar Cunniff, and one was thrown out by the judges of the election for some supposed irregularity. Du Plantis and Cunniff were not satisfied with the result of the election as announced, and on the 9th of April, 1919, filed in the district court of Jefferson county their contest against Kennison and Landry. They did not follow the procedure outlined in article 3051, Vernon's Sayles' Civil Statutes; but, having prepared the written statement of their contest in the form of a petition, they presented it to Hon. E. A. McDowell, judge of the district court for the sixtieth district, who made thereon the following order:

"The above and foregoing petition having been presented to me, and I having duly examined the same, it is ordered, adjudged, and decreed that this contest be set down for hearing before the court in the courthouse at Beaumont, Texas, at 9 o'clock, on the 16th of April, A. D. 1919, and that copy of said petition and grounds of contest, together with notice of date set for said hearing, be prepared and issued by the clerk of this court, and served upon contestees, as provided by law, and at which time and place said contestees are commanded to be present and show such cause as they may care to submit, affecting the validity of said election.

"Witness my hand at Beaumont, Texas, this 9th day of April, A. D. 1919. E. A. McDowell, Judge, Sixtieth District Court, Jefferson County, Texas."

On the same day this written statement was filed with the clerk of the district court, who issued notice thereon, which notice is in part as follows:

" * * * You are hereby commanded to summon Bill Kennison and Junius Landry to be and appear before the honorable district court of the Sixtieth Judicial District of Jefferson county, Texas, at the present term thereof, to be holden in the courthouse at Beaumont on the 16th day of April, 1919, then and there to answer the plaintiffs' petition in a suit filed in said court on the 9th day of April, 1919, wherein Johnny Du Plantis and Oscar Cunniff are contestants, and Bill Kennison and Junius Landry are contestees, file number of the suit being No. 14869. The nature of contestants' demand is as follows. * * *"

This notice was duly served by the sheriff; his return reading:

"Sheriff's Return.

"Came to hand the 9th day of April, 1919, at 10 o'clock a. m. and executed the 11th day

---

⟻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of April, A. D. 1919, by delivering to Bill Kennison, Junius Landry, the within-named defendants, each, in person, a true copy of this writ, together with certified copy of plaintiffs' petition accompanying the same."

This written statement, which is designated in the notice and sheriff's return as a petition, contained all the requisites of a petition in a civil cause except the names of the contestees. The opening paragraph of the petition, when filed with the clerk, read:

"Your petitioners, Johnny Du Plantis and Oscar Cunniff, hereinafter styled contestants, complaining of ——, hereinafter styled contestees."

The original petition, however, contained the following style, to wit:

"Johnny Du Plantis et al. v. Bill Kennison et al. No. 14869. Pending in the District Court of Jefferson County"

—and the following indorsements, to wit:

"No. 14869. Johnny Du Plantis et al. v. Bill Kennison et al. Contestants' Original Petition. Filed April 9, A. D. 1919. B. T. Pipkin, District Clerk."

When the case was called for trial on the 16th, contestees filed a motion to quash and hold for naught the citation, service, and notice in this cause served upon them. This motion contained five grounds of complaint, but the substance of all of them was the omission of the names of contestees from the petition. This motion was overruled, and contestants were permitted to amend their statement by inserting therein the names of the contestees. Thus, on suggestion of contestants, the case was reset for trial on the 23d of April. On this date all the parties appeared, the cause was submitted to the court without a jury, and he entered judgment declaring the election null and void, and directing that a new election be held. From this judgment appellants have brought the case to this court, assigning three errors: (1) Because the court overruled their motion to quash the citation, service and notice served upon them; (2) because the court erred in overruling their plea to the jurisdiction of the court; and (3) because the court erred in overruling their motion to dismiss the suit because of the misjoinder of actions and misjoinder of parties plaintiff.

[1, 2] This proceeding—that is, the trial of an election contest—is not a "cause in the sense that the ordinary rules of procedure in civil actions are to be applied." Hammond v. Ash, 103 Tex. 503, 131 S. W. 539. Hence, in determining the sufficiency of the written statement, we cannot construe the same by the rules applied to an ordinary petition in a civil cause. All that is required by the statute (article 3051) is that the contestants give to the contestees a notice in writing of their intention to contest the election, and also deliver to them a written statement of the grounds of such contest. Construing this article, in Dunne v. Sayers, 173 S. W. 503, Chief Justice Pleasants said:

"Article 3051 of Vernon's Sayles' Statutes, which provides that a written notice of the contest of the election and a written statement of the grounds upon which the contestant relies shall be served upon the contestee within 30 days after the return day of the election, does not prescribe the form of the written statement; the only requirement being that said statement must show the grounds upon which the contest is based."

Article 1827, Vernon's Sayles' Civil Statutes, prescribing the requisites of plaintiff's petition, is not referred to in the chapter on contested elections.

After the filing with the district clerk, as provided in article 3055, of the notice, statement, and return, no provision is made for any additional notice to the contestees. As there is no statutory requirement for the issuance of a citation by the clerk of the district court, then it would be an injustice to appellants to apply against them the strict rules construing citations. Construing the written statement and notice together, contestees were fully advised of all facts necessary in order to prepare their defense. To warrant a trial court in sustaining a motion of the character filed in this cause, it must affirmatively appear that the notice and written statement are so defective that injury has been done to contestees. As the only complaint made by contestees is the omission of their names from the written statement, it affirmatively appears that they have not been injured by the ruling of the court, and as no statutory requirement was violated this ruling shows no error.

[3] 2. Contestees' plea to the jurisdiction of the court was based on the fact that the suit was filed in court before notice was given by contestants of their intention to contest the election. This proposition has been directly decided against this contention in Dunne v. Sayres, supra, and Messer et al. v. Cross et al., 26 Tex. Civ. App. 34, 63 S. W. 169.

[4] 3. There was neither a misjoinder of causes of action nor a misjoinder of parties in this cause. This was not a suit for office, but was a proceeding to contest the result of an election. All parties interested adversely to the contestees were proper parties plaintiff herein.

Finding no error in this record, the judgment of the trial court is in all things affirmed.

HIGHTOWER, C. J. I agree with Justice WALKER that no error prejudicial to the appellants is shown, and that therefore the judgment should be affirmed.