**HILL et al. v. RAMSOWER, County Attorney.
(No. 6697.)**

(Court of Civil Appeals of Texas. Austin. Oct. 31, 1923. Rehearing Granted Jan. 9, 1924. Rehearing Denied Feb. 13, 1924.)

1. **Schools and school districts** ⚖97(4)—**Law authorizing bond election contest must be strictly complied with to confer jurisdiction.**

The right to contest an election for the issuance of school district bonds is not a private right, but is a privilege given to political organizations interested therein, and therefore courts have no jurisdiction over such cases other than where the pleadings in the case show that contestants who undertake to act for the political organization have complied strictly with the law authorizing courts to take cognizance of such suits.

On Motion for Rehearing.

2. **Schools and school districts** ⚖97(4)—**Service of notice to contest election held sufficient.**

A citation based on a petition filed to contest an election for the issuance of bonds to erect a school building in the regular form of citation used in civil cases, in which the nature of plaintiff's demand was stated, by copying into the citation plaintiff's petition except the signatures thereto, served within 30 days after the official declaration of the results of the election, is a substantial compliance with Rev. St. art. 3051, providing for notice of intention to contest an election as prerequisite to action.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by W. T. Hill and others against V. A. Ramsower, County Attorney. From an order sustaining a plea in abatement and dismissing the suit, plaintiffs appeal. Reversed, with instructions.

J. Harris Gardner and White, Wilcox, Graves & Taylor, all of Austin, for appellants.

Hammond, Christian & Hammond, of Burnet, and V. A. Ramsower, of McAllen, for appellee.

BLAIR, J. This is an appeal from an order sustaining a plea in abatement and dismissing a suit instituted by appellants to contest an election held in the Oatmeal consolidated school district No. 25, in Burnet county, for the purpose of authorizing the issuance of bonds in the sum of $4,000, with which to erect a school building. Appellants, as contestants and residents of the school district in question, filed a petition in the district court of Burnet county, on July 15, 1922, alleging that an election was ordered in said school district by the county judge of said county, to be held on May 20, 1922, to determine whether or not bonds should issue with which to erect a school building; that on June 16, 1922, the commissioners' court of Burnet county declared the results of the election to be 52 for and 45 against the bond issue. The petition further alleged several irregularities as to notice and other matters concerning the holding of the election; and further that several voters were permitted to vote for the bonds who were not qualified voters in said common school district; also that other voters were intimidated by election officers and cast votes for the bonds when it was their desire to vote against the same. No allegation was made that notice had been given by the contestants to the contestee of their desire to contest the election; nor was it alleged that they had furnished contestee a written statement of the grounds upon which they sought to contest the election. On July 15, 1922, the clerk of the district court of Burnet county issued a citation based upon the petition filed, which was the regular form of citation used in civil cases, and in which the nature of plaintiffs' demand was stated by the clerk by merely copying into the citation appellants' petition, except the signatures thereto. This citation was delivered to the sheriff of Burnet county, who on the same day, July 15, 1922, made his return in accordance with the command, showing that he had at a certain time and place delivered to V. A. Ramsower, county attorney of Burnet county, in person a true copy of this citation. At the January term, 1923, of said court, the case was regularly called for trial, and contestee's plea in abatement requesting the court to dismiss the cause of action for want of jurisdiction because of the failure of contestants to give contestee notice as required by law that they intended to contest said election, and because contestants did not serve contestee with a written statement, signed by contestants, their agents or attorneys, of the grounds on which they intended to contest said election, as provided by article 3051 of the Revised Statutes, was sustained by the court; to which ruling the appellants duly excepted and gave notice of appeal, and here now present their case upon the record.

The order of the court dismissing the cause was a general one to the effect that it was the opinion of the court that the law was with contestee, and that the cause should be dismissed.

## Opinion.

The appellants by assignments of error contend that the trial court erred in dismissing their cause of action; because of a failure to give notice to contestee of their intention to contest the election and to furnish him with a written statement of the grounds upon which they intended to contest said election, for the reason that a citation was served upon contestee setting forth plaintiffs' petition, which alleged the grounds upon which appellants intended to contest said election, and was therefore a substantial compliance with article 3051, Revised Statutes. Article 3051, Revised Statutes, requires three conditions precedent to confer jurisdiction upon the district court to hear and determine election contests. They are as follows: (1) Contestants must give notice in writing to contestee of their intention to contest the election. (2) Contestants must give contestee a written statement of the grounds upon which they rely to contest said election. (3) Such written notice and written statement of grounds of contest as provided for in the two preceding prerequisites must be given contestee within 30 days from the date of the return day of said election.

We are of the opinion that contestants did not comply with the second prerequisite in this case, in that they failed to furnish contestee with a written statement of the grounds upon which they relied to contest said election. The statute which requires a written statement of the grounds of contest to be served by contestants upon contestee is not complied with by serving a citation as in civil cases, in which citation the clerk, acting in his official capacity, after stating that the nature of plaintiff's demand is as follows, to wit, sets forth plaintiff's petition, except the signatures thereto. The clerk, in his official capacity, is not an agent or an attorney for a contestant of an election, and contestee is entitled to a written statement of the exact grounds upon which the contestant relies, and not in substance

what is contained in his petition. This article of the statute has been construed numerous times by this and other Courts of Civil Appeals as well as by the Supreme Court, and, although no case has been found presenting the exact state of facts as this case, we are of the opinion that they by analogy sustain our holding herein.

A summary of the holdings of the decisions construing this article is as follows:

"To decide the results of an election is part of the process of political organizations and not a question of private right. Where the law has provided a mode of deciding cases of contested elections, designed to be final, the courts have no authority to adjudicate such cases other than that the law may give to them." Wright v. Fawcett, 42 Tex. 203; Lindsey v. Luckett, 20 Tex. 516; Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543; Odell v. Wharton, 87 Tex. 173, 27 S. W. 123.

Election contests are not subject to the rules of procedure in civil suits. Same authorities cited above, and Norton v. Alexander, 28 Tex. Civ. App. 466, 67 S. W. 787.

The provisions of article 3051 are mandatory and cannot be waived. The district court is without jurisdiction to hear and determine election contests, unless the provisions of article 3051 have been complied with. Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105; Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543; Lindsey v. Luckett, 20 Tex. 516; Wright v. Fawcett, 42 Tex. 203; Mercer v. Woods, 33 Tex. Civ. App. 642, 78 S. W. 15; Garitty v. Halbert (Tex. Civ. App.) 235 S. W. 231.

Each of the prerequisites prescribed by article 3051 must be complied with. It avails a contestant nothing that he has complied within one or more of the requirements, where it is shown that he failed to comply with any one of them. Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543, and cases cited.

Oral notice of the grounds of contest is not sufficient. Neither the notice of the time in which notice is to be given, or the statement of the grounds of the contest, can be waived, since jurisdiction is not a subject of waiver. Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543, and cases cited.

Service of a copy of a citation issued upon a petition filed in the district court to contest an election within 30 days after the result of said election has been declared has been held by some courts as sufficient notice of the contestants' desire to contest the election. Messer v. Cross, 26 Tex. Civ. App. 34, 63 S. W. 169.

Service within 30 days after the official declaration of the result of an election of a citation and a copy or certified copy of contestant's petition filed in the district court to contest such election has been held to be a substantial compliance with the article under discussion. Barker v. Wilson (Tex. Civ.

App.) 205 S. W. 543; Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671; Dunne v. Sayers (Tex. Civ. App.) 173 S. W. 503; Garitty v. Halbert (Tex. Civ. App.) 235 S. W. 231; Kennison v. Du Plantis (Tex. Civ. App.) 220 S. W. 118; Messer v. Cross, 26 Tex. Civ. App. 34, 63 S. W. 169; R. S. of Texas, art. 3051.

Thus it will be seen that courts have gone far in their interpretation of this article of the statute, and have extended its provisions to require only a substantial compliance with it. Although it is admitted in the opinion cited that it was the intention of the statute to require contestants of an election to give notice within 30 days after the results are officially declared of a desire to contest the same and to serve contestee with a written statement of the grounds relied upon in such contest, without regard to whether a suit had been filed, and that these requirements were intended as a condition precedent to the filing of a suit to contest such election, yet they hold the filing of a suit and service of citation, together with a copy or a certified copy of the petition, to be substantial compliance with the provisions of the article in question, reasoning that, if the statute has not been strictly complied with, contestee, at least, has as much information as he would have received had he been served before suit with a written notice of the desire of contestant to contest, and of a written statement of the grounds upon which contestant relied. Now, in the instant case, we are asked to extend the ruling further and hold that where a petition is filed as in an ordinary civil suit, and a citation is sued thereon in the ordinary way, which states "that the nature of plaintiff's demand is as follows, to wit," and then sets forth the plaintiff's petition, without the signatures of the contestants, their counsel, or agent to said petition, such is a substantial compliance with the article under discussion. Clearly we are not authorized to so construe the statute. To do so would, in effect, abrogate it. No effort was made by contestants to give notice of a desire to contest the election. Neither was there any effort made by contestants to serve contestee with a written statement of the grounds upon which they relied to contest such an election. Under the statute, contestee is entitled to a written statement of the grounds of contest as relied upon by contestants, and which must be furnished him within 30 days after the declaration of the official result of the election. The service upon a contestee of an instrument or citation which is the act of a party not authorized under the statute to represent the contestants in the capacity in which he acted, in giving such notice, or in serving a written statement of the grounds upon which contestant relies to set aside said election, the instrument or citation stat-

ing that the nature of plaintiff's demand is as follows, to wit, which means that plaintiff's demand is in substance as therein stated, is not sufficient compliance with the statute. In other words, contestee in this case was entitled to be served with a written statement of contestant's grounds of contest, either by contestants, their agent or attorney; and issuance and service of a citation as in ordinary civil cases by an official, in his official capacity as district clerk, in which he states, in substance, that the nature of the grounds of plaintiffs' demand or contest is certain matters, is not in compliance with the statute, and the court correctly dismissed this suit for want of jurisdiction. To hold otherwise would be to hold that election contests could be filed and determined as in ordinary civil suits, since contestants made no effort in this case to do other than file an ordinary civil suit and put into action the machinery of the civil courts as provided in civil cases, by issuing citation and causing it to be served. Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671; Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105; Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543.

We are also of the opinion that fundamental error is apparent of record in that contestants failed to allege facts showing that the district court had jurisdiction of this case. This court in the case of Bassel v. Shanklin, supra, held that, where the record disclosed a petition in which no allegation was made showing that notice of contest or a statement of the grounds thereof had been served upon contestee, the suit should be dismissed for want of jurisdiction, as these matters were by statute necessary to confer jurisdiction. The petition in this case makes no such allegation. Therefore, no fact or facts conferring jurisdiction were alleged, or are they apparent of record, and the court did not err in dismissing the case for want of jurisdiction. It is not necessary to plead facts conferring jurisdiction where the court by law has general jurisdiction over such causes of action, but the rule is not so as to special cases where jurisdiction to hear and determine the matter is made by statute to depend upon the provisions of certain conditions precedent to confer jurisdiction.

[1] The right to contest an election is not a matter of private right, but is a privilege given to political organizations interested therein; therefore, courts have no jurisdiction over such cases other than where the pleadings in the case show that contestants who undertake to act for the political organization have complied strictly with the law authorizing courts to take cognizance of such suits. A contest of an election is only permitted where it is shown that all the prerequisites necessary to invoke the aid of the courts have been complied with, and a petition which does not state upon its face that notice of a desire to contest, or that a written statement of the grounds of contest had been made within 30 days after the declaration of the result of such election as provided by article 3051, Revised Statutes, presents fundamental error in that it fails to plead necessary jurisdictional facts to show that the court has jurisdiction to hear and determine such cause of action.

The holding in Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105, may, by inference, be in conflict with some of the authorities which hold that the statute is substantially complied with when a citation and a copy or certified copy of the petition is served, basing such inference upon the reasoning that it would be impossible to make such allegation that notice and a copy of a written statement of the grounds of contest had been served since they had not been up until the time of citation and delivery of a copy of the petition. However, the question was not raised in those cases, and it may be that the petitions did allege such jurisdictional facts; and besides we prefer to adhere to the former ruling of this court, as it is based upon logic and sound reasoning. Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105, and cases cited.

We are of the opinion that the trial court did not err in dismissing this suit for want of jurisdiction, and the judgment is therefore affirmed.

Affirmed.

On Motion for a Rehearing.

[2] The writer's coadjutors are of the opinion, in view of the decision of this court in the Messer-Cross Case, 26 Tex. Civ. App. 34, 63 S. W. 169, and the decision of the Beaumont Court of Civil Appeals, in the Kennison-Du Plantis Case, 220 S. W. 118, each holding that the service of a citation and a copy of contestant's petition, within 30 days after the official declaration of the results of the election, was a substantial compliance with the provisions of the statute in question, that said statute has been substantially complied with under the facts and procedure in this case. The judgment of this court affirming the case is therefore set aside and the cause is reversed and remanded, with instructions to the trial court to reinstate the case and to proceed with a trial upon the merits, if the parties so desire.

Although the writer is not entirely convinced but that this holding goes beyond a fair and reasonable construction of what constitutes a substantial compliance with the particular article of the statute involved, yet the difference in the procedure in this and the other cases mentioned is not of such material distinction that I care to dissent from the view of the other members of this court.

In view of this holding, the question of fundamental error predicated upon the fail-

ure of the pleadings to allege jurisdictional facts is eliminated, since facts necessary to show that the court did have jurisdiction, whether alleged or not, are disclosed by the record. We have taken this occasion to examine the record in the Bassel-Shanklin Case, 183 S. W. 105, in which this court held that, where the record disclosed a petition in which no allegation was made showing that notice of contest or of a statement of the grounds of contest had been served upon contestee, fundamental error was apparent of record, and find that it was not shown by said record that the citation issued in the case was served within 30 days after the declaration of the results of the election, and therefore said opinion is not in conflict with the other opinions cited by this court, and does not support the former judgment of this court in this case.

The motion is granted, and the cause is reversed, with instructions as herein indicated.

Motion granted.