## TREACCAR v. CITY OF GALVESTON et al.
### No. 9484.

Court of Civil Appeals of Texas. Galveston.
April 30, 1930.

Rehearing Denied May 22, 1930.

Roberts, Monteith, Baring & Wilson, of Houston, for appellant.

Royston & Rayzor and Bryan F. Williams, all of Galveston, for appellees.

PLEASANTS, C. J.

This suit was brought by appellant to have an election held in the city of Galveston on May 14, 1929, declared illegal and void because of alleged irregularities in the manner of conducting the election and in making and canvassing the returns thereof. The purpose of the election was to determine whether bonds in the aggregate amount of $2,855,000 for seven separately submitted public improvements and purposes should be issued by the city.

The petition sought in the alternative to have a recount of the ballots cast at the election and the true result of the election ascertained and declared.

The mayor, board of commissioners, and the tax collector of the city of Galveston were named defendants in the suit.

After setting out the various grounds upon which the election was asked to be held void, and a recount of the ballots had and the true result of the election determined, plaintiff's petition, which was filed on October 21, 1929, alleges:

"That by the initial notice of contest filed with the Board of Commissioners of the City of Galveston, on the 6th day of June, 1929, and by a supplemental notice of contest filed with said Board of Commissioners on the

20th day of June, 1929, by Contestant, joined therein by various other taxpaying property owners of said City of Galveston, Contestees were duly notified, as required by law, of the intention of Contestant to contest said election, and of the ground upon which said contest would be brought."

The petition also contains the following allegations:

"Contestant says that he understands and believes, and so charges the fact to be, that the City Council, composed of the Mayor and City Commissioners of the City of Galveston, have wrongfully adopted said election as carried, and now propose to issue said bonds and to levy and collect a tax therefor, all contrary to the laws as made and provided governing said election, and that if said City Council is permitted to issue said bonds and to levy and collect a tax therefor that this Contestant and others similarly situated would suffer an irreparable damage, for which he has no adequate remedy at law and that said City Council and Mayor and City Commissioners of the City of Galveston, together with the Tax Collector of said City of Galveston, should be enjoined from issuing said bonds or levying and collecting a tax therefor, pending the trial of this cause."

The prayer of the petition is for temporary and permanent injunction restraining the defendants from issuing any of the bonds voted upon at said election, and from levying, assessing, or collecting any tax for the payment of these bonds, and in the alternative, "Contestant prays that process issue from this Honorable Court requiring the ballot boxes from each of the twenty-five voting precincts of the City of Galveston to be brought into Court and that a recount of the ballots cast in said election be made in open court and a true result of said election declared by this Honorable Court at the conclusion of said recount, and for such other and further orders as to the Court may seem necessary and proper, together with such other and further relief, both general and special, to which Contestant may be justly entitled at law or in equity."

Appellees filed a plea to the jurisdiction of the court on the ground that the contestant did not, within thirty days after the result of the election had been officially declared, give notice in writing to any of the defendants of his intention to contest the election, nor any written statement of the grounds relied on to sustain such contest.

Upon a hearing on this plea it was sustained by the trial court, and appellant's suit dismissed.

Upon this hearing it was shown that the only written communication or statement from the appellant to any of the appellees in reference to the subject-matter of this suit, prior to the filing of plaintiff's petition, was the following petition presented on June 6, 1929:

"To the Honorable Board of City Commissioners:

"We, the undersigned, and subscribing taxed-owning property and residents of the City of Galveston, respectfully petition your Honorable Board to recanvass the returns of the recent bond election held May 14th, 1929, and vote on the school tax levy likewise held on said date.

"We have substantial reasons to believe, without the least reflection on the integrity of the Honorable Board of City Commissioners who canvassed the returns initially, that the initial canvass did not reflect the vote of the people and the result thereon as shown by the returns of the presiding officers in various precincts in said election. Therefore, we respectfully pray a re-canvass in public of the votes cast in the bond election and school tax levy held in the City of Galveston, May 14th, 1929."

This petition was signed by appellant and a number of other citizens of the city. In support of this petition appellant for himself and other citizens of Galveston, on June 20, 1929, presented to the board of commissioners a supplemental petition in which most, if not all, of the irregularities in the conduct and returns of the election complained of in plaintiff's petition are stated. This communication is too long to set out fully, but we here copy from appellees' brief a correct summary of its contents:

"In it the contestant, as the petitioner in behalf of the tax-payers association of Galveston, states his purpose of 'presenting a statement supporting its previous petition for a re-canvass of the election on the several bond issues and school maintenance tax submitted to the voters of Galveston on May 14th, 1929.' He calls attention to the fact that the previous petition was one 'for a re-canvass of the returns of the presiding officers of such elections and NOT a recount of the ballots,' and proceeds to set forth his argument in support of his contention that the Board of Commissioners should itself re-open the matter and re-canvass the returns of the election officers and concludes with the following:

" 'The facts you have easy access to. We have endeavored to give you the law with judicial interpretation in this statement in support of our petition. We have no desire to set aside the will of the people as expressed by the majority vote—rather we defend their right of control as a matter of law and principle. In this instance the majority voting reflected by the returns of the presiding officers have expressed and declared that these bond issues and tax levy have not passed and we are asking that their mandate be expressed by your Honorable Board thru

a re-canvass and publishing of the correct returns.'

"A reading of this latter communication will show that it is directed entirely to an effort on the part of its writer to secure action upon the part of the Board of Commissioners of the City to review its own previous action in declaring the results of the elections, and nowhere in it is to be found the slightest intimation of any intention upon the part of the writer to seek the action of a court in the matter, nor any statement that anything urged by him is to be relied upon as a ground for contesting the election in a court proceeding."

Appellant bases his appeal from the following propositions:

"Proposition 1: The Court, in ruling upon Defendant's Plea to the Jurisdiction, materially erred in sustaining said Plea and dismissing Plaintiff's cause of action, for the reason that it was clearly alleged in Plaintiff's petition that Defendants had been duly notified, as required by law, of the intention of Plaintiff to contest said election, and of the grounds upon which said contest would be brought, which allegations properly gave the court jurisdiction.

"Proposition 2: The Court having found in his Findings of Fact that two written communications had been filed by Plaintiff with the Defendant Board of Commissioners within thirty days from the return day of said election, it was material error for the Court to dismiss Plaintiff's cause of action, for the reason that said written communication constituted substantial compliance with Article 3042 of the Revised Civil Statutes of Texas, 1925, governing notice in such cases.

"Proposition 3: The Court, in ruling upon Defendant's Plea to the Jurisdiction, materially erred in sustaining said Plea and dismissing Plaintiff's cause of action for the reason that Plaintiff's petition, taken as a whole, contained allegations clearly maintainable in this suit, irrespective of whether notice as required in election contests had been given."

The petition is sufficient on its face to show jurisdiction, and was not subject to demurrer for failure to allege necessary jurisdictional facts, but the plea to the jurisdiction was not considered and sustained as a demurrer.

■ The record shows that the court heard evidence in support of the plea and found from the evidence that the notice of the contest required by the statute was not given as alleged in the petition, and sustained defendants' plea on this fact finding. It is unnecessary to cite authorities on the proposition that in determining the question of its jurisdiction a court is not bound by the allegations of the plaintiff's petition. When at any stage of a trial the court finds that it is without jurisdiction to hear and determine the matter in controversy, it must decline to entertain jurisdiction and dismiss the suit. It has been uniformly held by the decisions of our Supreme and appellate courts that any suit to void an election on the ground of irregularities or misconduct of the election officers in holding and declaring the result of the election can only be brought under the provisions of our election contest statute, and that such suit cannot be entertained by the court unless notice of the contest has been given as required by the statute. Robertson v. Haynes (Tex. Civ. App.) 190 S. W. 735; Caraway v. Romberg (Tex. Civ. App.) 247 S. W. 909; Kincannon v. Mills (Tex. Civ. App.) 275 S. W. 1083; Wright v. Fawcett, 42 Tex. 203; Mercer v. Woods, 33 Tex. Civ. App. 642, 78 S. W. 15; Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671; Moon v. Alred (Tex. Civ. App.) 277 S. W. 787; Thurston v. Thomas (Tex. Civ. App.) 7 S.W.(2d) 105.

The next contention of appellant, that the two written communications filed by him with defendant board of commissioners within thirty days after the result of the election was declared constituted a substantial compliance with article 3042, Revised Statutes (1925), requiring notice of contest of an election to be given by the contestant to contestee, and that the trial court erred in holding that sufficient notice of contest had not been given in this case, is equally untenable.

■ We agree with the trial court that the written communications referred to were insufficient to constitute the notice of contest required by the statute. The first communication, which we have before set out in full, is merely a request to the board of commissioners to recanvass the returns of the election, because the petitioners have reason to believe that the former canvass made by the board did not reflect the true result of the election as shown by the returns of the presiding officers in the various voting precincts. It cannot be reasonably contended that there is anything in this communication to give notice to the board of commissioners that unless the returns are recanvassed and the former declared result of the election changed, the petitioners intend to contest the election on the ground that the returns were erroneously made and canvassed by the board.

The second communication, which only purports to be a statement and argument by appellant in support of the petition for a recanvass of the returns, while it calls attention to errors and apparent contradictions in the returns from a number of the voting precincts in the election, is equally silent as to any intention of appellant to contest the election.

It seems clear to us that neither of these communications fulfill the requirements of the statute that written notice of an intention to contest the election must be given the contestee by the contestant. That such notice

is necessary to give the court jurisdiction to entertain a suit for that purpose is well settled. This identical question was expressly decided in the cases of Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543, 546; Mercer v. Wood, 33 Tex. Civ. App. 642, 78 S. W. 15; and Moore v. Commissioners' Court (Tex. Civ. App.) 192 S. W. 805.

In the case first cited the contestant delivered the contestee a copy of a petition for contest of the election which he told the contestee he intended to file. In holding that this was not a compliance with the statutory requirement of a written notice of the contestant's *intention* to contest the election, the court says:

"It may be conceded that delivery to him of the petition, setting forth the ground upon which it was claimed that the election was illegal constituted compliance with one portion of the statute; but it contained no notice notifying the contestee that it was the intention of the contestants to file that petition in court and use it as a basis of a contest. It is no answer to that proposition to say that the contestee knew from what Mr. Burleson [Attorney for contestants] told him that it was the intention of the contestants to contest the election. Such information was not in writing, and therefore it did not constitute compliance with the statute."

In the Moore Case, supra, the court says:

"The giving and serving of the notice prescribed by the statute is the prerequisite to the jurisdiction of the district court. Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671. A specific mode of contesting an election having been prescribed by the statute, that particular mode alone can be resorted to; it is exclusive of every other mode. And this particular proceeding is not a contest as between two persons, so as to authorize and warrant the county attorney to waive a statutory procedure essentially involving jurisdiction of the district court."

It is clear from these decisions that the service upon contestee of a written notice of an intention to contest an election is essential to the jurisdiction of the district court to entertain a suit brought for such purposes, and it is equally clear from the evidence disclosed by this record that no written notice of such intention was served upon the contestees in this case.

The cases of Messer v. Cross, 26 Tex. Civ. App. 34, 63 S. W. 169, and Dunne v. Sayers (Tex. Civ. App.) 173 S. W. 503, cited by appellant, are easily distinguished from this case. The facts in both the cited cases were held sufficient to show that a written notice of intention to contest the election was served upon the contestee.

The only relief sought by appellant is wholly dependent upon whether the election was properly conducted and the returns therefor properly made and canvassed and the true result ascertained and declared. The petition cannot be construed as presenting any cause of action independent of a suit to contest an election under the provisions of our election contest statute.

Having failed to give the notice of his intention to contest the election required by the statute, appellant's suit was properly dismissed for want of jurisdiction in the trial court to hear and determine his contest of the election.

The judgment of the trial court is affirmed.

Affirmed.